1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                        DISTRICT OF NEVADA
8                               * * *
9   BRIAN EUGENE LEPLEY,                  Case No.  2:16-cv-02848-RFB-CWH
10              Plaintiff,                       SCREENING ORDER
11         v.
12  STATE OF NEVADA et al.,
13              Defendants.
14

15          Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections

16  ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has

17  filed an application to proceed *in forma pauperis*, a motion to extend prison copy work

18  limit, a motion for appointment of counsel, two motions to extend time, two motions for

19  temporary restraining order, a motion to file under seal, a motion for submission, a motion

20  for preliminary injunction, a motion to transport, and a motion to oppose.  (ECF No. 1, 6,

21  10, 11, 12, 14, 18, 20, 21, 24, 25, 26, 29).  The matter of the filing fee shall be temporarily

22  deferred.[1]  The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C.

23  § 1915A and addresses his motions.

24  **I.     SCREENING STANDARD**

25          Federal courts must conduct a preliminary screening in any case in which a

26  prisoner seeks redress from a governmental entity or officer or employee of a

27

28          [1] The Court considers Plaintiff's application to proceed *in forma pauperis* (ECF No.
    10) complete when looking at documents ECF No. 5 and 10.

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th

1  Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than

2  formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While

3  the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

4  must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*,

5  550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is

6  insufficient. *Id.*

7        Additionally, a reviewing court should "begin by identifying pleadings [allegations]

8  that, because they are no more than mere conclusions, are not entitled to the assumption

9  of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can

10 provide the framework of a complaint, they must be supported with factual allegations."

11 *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity

12 and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

13 "Determining whether a complaint states a plausible claim for relief . . . [is] a context-

14 specific task that requires the reviewing court to draw on its judicial experience and

15 common sense." *Id.*

16       Finally, all or part of a complaint filed by a prisoner may therefore be dismissed

17 *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This

18 includes claims based on legal conclusions that are untenable (e.g., claims against

19 defendants who are immune from suit or claims of infringement of a legal interest which

20 clearly does not exist), as well as claims based on fanciful factual allegations (e.g.,

21 fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989);

22 *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

23 **II.  SCREENING OF COMPLAINT**[2]

24       In the complaint, Plaintiff sues multiple defendants for events that took place while

25 Plaintiff was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 1 at 2).

26 Plaintiff sues Defendants NDOC Director James Dzurenda, Parole Board Commissioner

27

28      [2] The Court denies as moot Plaintiff's motions for an extension of time to file his complaint (ECF No. 12, 14).

- 3 -

1  Connie S. Bisbee, Parole Commissioner Ed Gray Jr., Parole Commissioner Michael

2  Keeler, Parole Commissioner Lucille Monterde, Parole Board Executive Secretary Darla

3  Foley, Parole Board Secretary D. Barnard, Warden Brian Williams, State of Nevada ex

4  rel Nevada Department of Corrections, Nevada Department of Parole Board of

5  Commissioners, and Department of Motor Vehicles.[3]  (*Id.* at 2-4).  Plaintiff alleges nine

6  counts and seeks monetary damages and an order prohibiting lifetime supervision. (*Id.* at

7  11, 23).

8       The Court has reviewed Plaintiff's complaint and is having difficulty deciphering

9  Plaintiff's allegations and claims.  (*See* ECF No. 1 at 2-24).  From what the Court can

10  decipher, it appears that Plaintiff had a parole board hearing on April 13, 2016.  (*Id.* at

11  12).  The parole board members mentioned that plaintiff was "low risk with a risk

12  assessment of two points."  (*Id.*)  It appears that the parole board denied Plaintiff parole

13  and suggested that Plaintiff take a victim's impact empathy course even though one was

14  not offered at his prison.  (*Id.* at 13, 15).  The parole board acknowledged that Plaintiff

15  had taken a sex offenders' treatment program ("SOTP").  (*Id.* at 13).  Plaintiff appealed.

16  (*Id.* at 16).  If Plaintiff takes the one-to-two year SOTP program, it would increase the

17  length of his incarceration.  (*Id.* at 17).  Additionally, at the parole board hearing, Plaintiff

18  learned that his conviction required lifetime supervision pursuant to state statute.  (*Id.* at

19  12).  According to Plaintiff, lifetime supervision only applied to sex offenses committed on

20  or after July 1, 1997 and that he committed his crime on May 16, 1997.  (*Id.* at 5). Plaintiff

21  is disabled under the American with Disabilities Act because he has HIV.  (*Id.* at 19).

22  Unnamed prison officials prevented Plaintiff from participating in work programs.  (*Id.*).

23       The Court dismisses the complaint in its entirety, without prejudice, and grants

24  Plaintiff leave to amend.  As drafted, the Court is unable to decipher any colorable claims

25

26       [3] The Court dismisses Defendants State of Nevada ex rel Nevada Department of
Corrections, Nevada Department of Parole Board of Commissioners, and Department of

27  Motor Vehicles, with prejudice, from this case, as amendment would be futile, based on
Eleventh Amendment sovereign immunity. *See Brooks v. Sulphur Springs Valley Elec.*

28  *Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment's
jurisdictional bar covers suits naming state agencies and departments as defendants, and
applies whether the relief sought is legal or equitable in nature").

1  in the complaint.  Upon amendment, Plaintiff should follow the directions in the form

2  complaint and "describe exactly what each specific defendant (by name) did to violate

3  [his] rights."

4          The Court notes that, to the extent that Plaintiff may be attempting to challenge the

5  fact or duration of his confinement, he may not do so in a § 1983 action but instead must

6  seek federal habeas corpus relief or the appropriate state relief.  *Wilkinson v. Dotson*, 544

7  U.S. 74, 78 (2005); *see Nettles v. Grounds*, 830 F.3d 922, 927(9th Cir. 2016) (reiterating

8  that the Supreme Court has "long held that habeas is the exclusive vehicle for claims

9  brought by state prisoners that fall within the core of habeas, and such claims may not be

10  brought in a § 1983 action").  In *Wilkinson*, the Supreme Court held that "a state prisoner's

11  § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages

12  or equitable relief), no matter the target of the prisoner's suit (state conduct leading to

13  conviction or internal prison proceedings)–if success in that action would necessarily

14  demonstrate the invalidity of confinement or its duration.  *Id*. at 81-82.

15          Additionally, to the extent that Plaintiff may be attempting to challenge lifetime

16  supervision if granted parole, this claim is not ripe.  *See Texas v. United States*, 523 U.S.

17  296, 300 (1998) (holding that "[a] claim is not ripe for adjudication if it rests upon

18  'contingent future events that may not occur as anticipated, or indeed may not occur at

19  all'").  Plaintiff has not been granted parole and has not been subjected to lifetime

20  supervision.

21          To the extent that Plaintiff seeks to allege an equal protection claim based on his

22  treatment as an HIV-positive inmate, he needs to provide more factual allegations

23  regarding the programing available to HIV-inmates and non-HIV-inmates.  Upon

24  amendment, Plaintiff should describe what programs he sought to participate in, what

25  programs prison officials denied him participation in and why, when the denials occurred,

26  and who denied Plaintiff programming.

27          Plaintiff is granted leave to file an amended complaint to cure the deficiencies of

28  the complaint.  If Plaintiff chooses to file an amended complaint he is advised that an

1  amended complaint supersedes (replaces) the original complaint and, thus, the amended

2  complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner &*

3  *Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was

4  named in the original complaint is irrelevant; an amended pleading supersedes the

5  original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding

6  that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims

7  in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended

8  complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes

9  to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this

10  Court's approved prisoner civil rights form and it must be entitled "First Amended

11  Complaint."

12        The Court notes that, if Plaintiff chooses to file an amended complaint curing the

13  deficiencies, as outlined in this order, Plaintiff shall file the amended complaint within 45

14  days from the date of entry of this order. If Plaintiff chooses not to file an amended

15  complaint curing the stated deficiencies, the Court will dismiss this action with prejudice

16  for failure to state a claim.

17  **III.  MOTIONS FOR TRO/PRELIMINARY INJUNCTION**

18        Plaintiff has filed five motions related to seeking emergency relief. (ECF No. 18,

19  20, 21, 24, 25). Injunctive relief, whether temporary or permanent, is an "extraordinary

20  remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7,

21  24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to

22  succeed on the merits, that he is likely to suffer irreparable harm in the absence of

23  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in

24  the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046,

25  1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison

26  Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn,"

27  must "extend no further than necessary to correct the harm," and must be "the least

28  intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

1    The Court Plaintiff's motions for emergency relief and motions related to seeking

2    emergency relief (ECF No. 18, 20, 21, 24, 25) because Plaintiff has not established that

3    he is likely to succeed on the merits of his complaint.  As discussed above, Plaintiff has

4    not stated any colorable claims in his complaint.

5    **IV.    MOTION FOR APPOINTMENT OF COUNSEL**

6    Plaintiff has filed a motion for appointment of counsel.  (ECF No. 11).  A litigant

7    does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights

8    claims.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  Pursuant to 28 U.S.C.

9    § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to

10   afford counsel."  However, the court will appoint counsel for indigent civil litigants only in

11   "exceptional circumstances."  *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983

12   action).   "When determining whether 'exceptional circumstances' exist a court must

13   consider 'the likelihood of success on the merits as well as the ability of the petitioner to

14   articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Id.*

15   "Neither of these considerations is dispositive and instead must be viewed together."  *Id.*

16   In the instant case, the Court does not find exceptional circumstances that warrant the

17   appointment of counsel.  The Court denies the motion for appointment of counsel.

18   **V.    MOTION TO EXTEND COPY WORK LIMIT**

19   Plaintiff has filed a motion to extend his copy work limit.  (ECF No. 6).  An inmate

20   has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521

21   (9th Cir. 1991).  Pursuant to NDOC administrative regulation 722.01(7)(D), inmates "can

22   only accrue a maximum of $100 debt for copy work expenses for all cases, not per case."

23   In this district, courts have found that they can order a prison to provide limited

24   photocopying when it is necessary for an inmate to provide copies to the court and other

25   parties. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 886343, *2 (D.

26   Nev. Mar. 11, 2011).  In this case, the Court grants Plaintiff's request to extend his copy

27   work account limit by another $5.00.  The Court warns Plaintiff to be prudent with his

28

1   extended copy work limit.  The Court will not grant Plaintiff anymore extensions of copy

2   work limit unless Plaintiff's amended complaint survives screening.

3   **VI.     MISCELLANEOUS MOTIONS**

4           The Court grants Plaintiff's motion to transport him to court for appearance (ECF

5   No. 26), insofar as hearings may be set in the future.  The Court finds no reason to set a

6   hearing prior to the filing of an Amended Complaint, as discussed above. The Court will

7   order Plaintiff's in-person, telephonic, or video presence in Court when applicable.

8           The Court denies Plaintiff's motion opposing Defendants' motion to dismiss (ECF

9   No. 29) because Defendants have not been served in this case and have not filed a

10  motion to dismiss.

11  **VII.    CONCLUSION**

12          For the foregoing reasons,

13          IT IS ORDERED that a decision on the application to proceed *in forma pauperis*

14  (ECF No. 10) is deferred.

15          IT IS FURTHER ORDERED that the motions for extension of time (ECF No. 12,

16  14) are denied as moot.

17          IT IS FURTHER ORDERED that the Clerk of the Court will file the complaint (ECF

18  No. 1).

19          IT IS FURTHER ORDERED that the complaint is dismissed in its entirety, without

20  prejudice, with leave to amend.

21          IT IS FURTHER ORDERED that Defendants State of Nevada ex rel Nevada

22  Department of Corrections, Nevada Department of Parole Board of Commissioners, and

23  Department of Motor Vehicles are dismissed, with prejudice, from this case as

24  amendment would be futile.

25          IT IS FURTHER ORDERED that, if Plaintiff chooses to file an amended complaint

26  curing the deficiencies of his complaint, as outlined in this order, Plaintiff will file the

27  amended complaint within 45 days from the date of entry of this order.

28

1       IT IS FURTHER ORDERED that the Clerk of the Court will send to Plaintiff the

2 approved form for filing a § 1983 complaint, instructions for the same, and a copy of his

3 original complaint (ECF No. 1).  If Plaintiff chooses to file an amended complaint, he must

4 use the approved form and he will write the words "First Amended" above the words "Civil

5 Rights Complaint" in the caption.

6       IT IS FURTHER ORDERED that, if Plaintiff fails to file an amended complaint

7 curing the deficiencies outlined in this order, this action will be dismissed with prejudice

8 for failure to state a claim.

9       IT IS FURTHER ORDERED that the motions for emergency relief and motions

10 related to seeking emergency relief (ECF No. 18, 20, 21, 24, 25) are denied without

11 prejudice.

12       IT IS FURTHER ORDERED that the motion for appointment of counsel (ECF No.

13 11) is denied.

14       IT IS FURTHER ORDERED that Plaintiff's motion to extend his copy work account

15 (ECF No. 6) is granted in the amount of $5.00.  The Nevada Department of Corrections

16 will extend Plaintiff's prison copy work limit by another $5.00.

17       IT IS FURTHER ORDERED that the motion to transport (ECF No. 26) is denied.

18       IT IS FURTHER ORDERED that the motion to oppose (ECF No. 29) is denied.

19

20       DATED this 30th day of September 2017.

21

22                                 RICHARD F. BOULWARE, II

23                                 UNITED STATES DISTRICT JUDGE

24

25

26

27

28