# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN EUGENE LEPLEY,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>Defendants. | Case No. 2:16-cv-02848-RFB-DJA<br><br>**ORDER** |

Presently before the Court is Defendant's Motion to Stay Discovery (ECF No. 80), filed on November 14, 2019. Also before the Court is Plaintiff's Motion to Hold in Abeyance Defendant's Motion to Dismiss (ECF No. 77), filed on October 25, 2019, Motion to Compel Discovery (ECF No. 82), filed on November 21, 2019, and Motion for Leave to File Exhibits to Motion to Compel (ECF No. 86), filed on December 11, 2019. The Court also considered the response and reply briefing associated with the above Motions. (ECF No. 79, 81, 83, 84, 85, and 87).

Courts have broad discretionary power to control discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *See Kidneigh v. Tournament One Corp.*, 2013 WL 1855764, at \*2 (D. Nev. May 1, 2013). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). However, preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 653 (D. Nev. 1989); *see also Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at \*1 (D. Nev. Oct. 31, 2013) (granting stay based on

alleged lack of personal jurisdiction); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction). Further, motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the heavy burden of establishing that discovery should be stayed. *See, e.g., Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (noting that a stay of discovery may be appropriate where the complaint was "utterly frivolous, or filed merely for settlement value."); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Tradebay*, 278 F.R.D. at 602-603. In doing so, a court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Id.* This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Id.* (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556. An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases.

After taking a preliminary peek at the pending Motion to Dismiss (ECF No. 70), the Court finds that Defendant has carried its heavy burden of establishing that discovery should be stayed. The issues before the Court in the pending Motion to Dismiss do not require further discovery as the Motion has been fully briefed and if granted, this case may be dismissed in its entirety. Additionally, discovery is expensive and resolving issues of immunity at the earliest possible stage of litigation is important. As such, the Court finds this is a case where a temporary stay of discovery will further the goal of judicial economy. The Court will therefore deny Plaintiff's

Motion to Compel (ECF No. 82) and Motion for Leave to File Exhibits in Support of the Motion to Compel (ECF No. 86) as moot given that discovery is stayed. Similarly, the Court does not find it warranted to hold the Motion to Dismiss until after a meet and confer can be conducted with Plaintiff as requested by Plaintiff's Motion (ECF No. 77). Therefore, the Court will likewise deny that Motion in order for it to expeditiously decide this matter on the merits.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Hold in Abeyance Defendant's Motion to Dismiss (ECF No. 77) is **denied**.

IT IS FURTHER ORDERED that Defendant's Motion to Stay Discovery (ECF No. 80) is **granted**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Discovery (ECF No. 82) is **denied as moot**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Exhibits to Motion to Compel (ECF No. 86) is **denied as moot**.

DATED: December 30, 2019

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE