UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN EUGENE LEPLEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF NEVADA, et al.,<br><br>　　　　　　Defendants. | Case No. 2:16-cv-02848-RFB-CWH<br><br>**ORDER** |

### I.　INTRODUCTION

Before the Court is Defendant's Motion to Dismiss. ECF No. 70. For the reasons below, the Court grants the motion.

### II.　PROCEDURAL BACKGROUND

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 against Defendants on December 8, 2016. ECF No. 1. On March 4, 2019, the Court issued a screening order dismissing most claims and allowing part of Count I to proceed against Defendant Dugan to the extent it alleges a Fourteenth Amendment due process claim based on Plaintiff not being permitted to hear a witness during his disciplinary hearing. ECF No. 46. Defendant Dugan filed a motion to dismiss on September 9, 2019. ECF No. 70. Plaintiff filed a Response on September 24, 2019 and Defendant filed a Reply on October 1, 2019. ECF Nos. 73,74.

### III.　FACTUAL ALLEGATIONS

Plaintiff alleges that during his disciplinary hearing, Sergeant Dugan, who was the Disciplinary Hearing Officer, did not permit Lepley to hear his approved witness' answers to

Sergeant Dugan's questions. Plaintiff alleges that because prison regulations require that incarcerated individuals be permitted to hear answers to questions at the hearing, Sergeant Dugan violated Lepley's Fourteenth Amendment right to due process when Sergeant Dugan refused to do so.

## IV. LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted). In addition, documents filed by a plaintiff who is proceeding without counsel (as is the case here) must be liberally construed, and a pro se complaint must be "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal citations and quotation marks omitted); see also Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but merely asserting "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## V. DISCUSSION

Defendant argues that Plaintiff is not entitled to hear witnesses in a disciplinary hearing; therefore, Plaintiff fails to state a basis for his Fourteenth Amendment claim. This Court agrees.

To state a Fourteenth Amendment due process claim, a plaintiff must adequately allege that he was denied a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures. Swarthout v. Cooke, 562 U.S. 216, 219 (2011). Such interests may arise from the Constitution itself or from state law. When there is such a liberty interest or property interest, the only other issue is whether the plaintiff was deprived of that interest without the constitutionally required procedures. Id. at 861-63. Under the Fourteenth Amendment, no state shall deprive any person of life, liberty, or property without due process of law. Incarcerated individuals retain a right to due process, subject to the restrictions imposed by the nature of the penal system. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, an incarcerated individual in a prison disciplinary hearing is not entitled to the full panoply of due process rights that a defendant possesses in a criminal prosecution. Id. at 556. The process due in a prison disciplinary hearing includes: (1) written notification of the charges; (2) at least a brief period of time after the notice to prepare for the hearing; (3) a written statement by the fact-finders as to the evidence relied on and reasons for the disciplinary action; and (4) the inmate facing the charges should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564, 566, 570

Here, Plaintiffs believes that the Nevada Department of Correction ("NDOC") Administrative Regulation, which governs the disciplinary procedures in Nevada prisons, required Sergeant Dugan to allow him to hear his witness' answers to Sergeant Dugan's questions. Specifically, Plaintiff contends that Dugan should have turned on the telephone or should have replaced it if it was broken so Lepley could hear his approved witnesses for the hearing. However, Wolff v. McDonnell, does not recognize any "right to see and hear everything the factfinder had seen and heard." Wolf, 418 U.S. at 565. Moreover, according to the Administrative Regulation in conducting a disciplinary hearing, the officer "may take testimony of any witness over the

telephone is said telephone has the capability for all present at the hearing to hear the questions and answers." AR 707.10 (c) (emphasis added). Therefore, there are no requirements imposed on hearing officers to use the telephone to permit incarcerated individuals to hear witnesses during a disciplinary hearing. Additionally, Plaintiff fails to allege any facts that Sergeant Dugan breached any of the due process elements enumerated in Wolff. Plaintiff does not allege that the inadvertent incapacity of the facility to allow for him to hear the responses of a witness or witnesses undermined or negated his ability to receive the due process afforded him under Wolff. Accordingly, this Court finds that Plaintiff's claim must be dismissed because it does not contain sufficient factual matter, even accepted as true, to state a claim to relief that is plausible on its face. See Iqbal, 556 U.S. at 678.

### VI. CONCLUSION

**IT IS ORDERED** that Defendants' Motion to Dismiss (ECF No. 70) is GRANTED.

**IT IS FURTHER ORDERED** that this case is DISMISSED without prejudice.

**IT IS FURTHER ODERED** that Plaintiff's Objections/Appeals to Magistrate Judge Orders (ECF Nos. 100, 108) are DENIED as moot. The clerk is ordered to provide a copy of this order to Plaintiff and close this case.

DATED: September 29, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**