UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN EUGENE LEPLEY,<br><br>  Plaintiff,<br><br>   v.<br><br>STATE OF NEVADA, et al.,<br><br>  Defendants. | Case No. 2:16-cv-02848-RFB-DJA<br><br>**ORDER** |

This matter comes before the Court on the Ninth Circuit Court of Appeal's Referral Notice. ECF No. 117. The Ninth Circuit refers the matter to the Court for the limited purpose of determining if Plaintiff's *in forma pauperis* status should continue during his appeal or if Plaintiff's appeal is frivolous or is taken in bad faith. Id.

"[A]n appeal on a matter of law is frivolous where none of the legal points are arguable on their merits." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Here, the Court dismissed Plaintiff's Complaint on the bases that Plaintiff has no Fourteenth Amendment due process right to hear witnesses at his disciplinary hearing. see Wolff v. McDonnell, 418 U.S. 539, 556 (1974)(finding that incarcerated individuals do not have a full panoply of due process rights; instead due process in disciplinary hearings includes: (1) written notification of the charges; (2) at least a brief period of time after the notice to prepare for the hearing; (3) a written statement by the fact-finders as to the evidence relied on and reasons for the disciplinary action; and (4) the inmate facing the charges should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals). Because Plaintiff failed to allege any facts demonstrating a violation of the enumerated due process elements of Wolff this Court granted Defendants' Motion to Dismiss.

However, the Court does find that it could plausibly argued that the right to call witnesses may in some cases involve the right to hear such witnesses. The Court did not find such to be the case here, but the Court recognizes the arguable possibility. The Court defers to the appellate court as to this possible interpretation of Wolff. The Court thus finds that the appeal is not frivolous.

**IT IS THEREFORE ORDERED** that Plaintiff's *in forma pauperis* status shall continue through his appeal as his appeal is not frivolous.

**DATED:** October 15, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**